## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ROTHE DEVELOPMENT, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | **Civil Action No.  SA-10-CV-743-XR** |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **DEFENSE AND UNITED STATES** | ) | |
| **DEPARTMENT OF THE AIR FORCE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

On this date, the Court considered Plaintiff's Motion to Alter or Amend Judgment (Docket Entry No. 15), Defendant's Response (Docket Entry No. 16), and Plaintiff's Reply (Docket Entry No. 17).  For the following reasons, Plaintiff's Motion to Alter or Amend is DENIED.

## BACKGROUND

Plaintiff Rothe Development, Inc. ("RDI") has operated the base network control center ("BNCC") and provided other information technology services at the Minneapolis-St. Paul Air Reserve Station in Minnesota since 1987.  RDI's contract for these services ended on September 30, 2010.  Defendants United States Department of Defense ("DoD") and United States Department of the Air Force ("USAF") have decided to insource the work previously performed by RDI rather than renewing or re-competing the contract.

RDI claims that the insourcing decision and Defendants' procedures violate 10 U.S.C. §

1

2463,[1] which provides guidelines for the DoD's use of civilian employees, and that the decision also violates Defendants' internal regulations and insourcing procedures.  RDI sues under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 500 *et seq*.  It claims that in reaching the decision to insource the scope of work, Defendants (1) unlawfully bundled RDI's current scope of work with scopes of work from other contracts, (2) did not make "like comparisons" of cost or account for the "full cost of manning"; and (3) therefore did not select the true "low cost provider" for the scope of work.[2]  RDI also claims that Defendants have unlawfully withheld certain information relating to the insourcing decision in violation of the Freedom of Information Act ("FOIA").  RDI seeks declaratory and injunctive relief.

Defendants answered RDI's Complaint with regard to the FOIA claims, and moved to dismiss the claims relating to the insourcing decision  under 10 U.S.C. § 2463.  This Court denied Plaintiff's motion for a preliminary injunction and granted Defendants' motion to dismiss on the basis that exclusive jurisdiction over RDI's challenges to the Defendants' insourcing decision is vested in the Court of Federal Claims ("COFC") pursuant to the Tucker Act, 28 U.S.C. § 1491(b), as amended by the Administrative Dispute Resolution Act ("ADRA") of 1996, Pub. L. No. 104-320, 110 Stat. 3870.  Only the FOIA claims remain.  Plaintiff now moves to alter or amend the Court's Order pursuant to FED. R. CIV. P. 59(e).

**LEGAL STANDARD**

Rule 59(e) governs motions to alter or amend judgments.  *Id*.  Under the Federal Rules, a judgment is "any order from which an appeal lies."  FED .R. CIV. P. 54(a).  RDI filed its motion to

---

[1]Pl.'s Orig. Compl. 2, Sept. 7, 2010 (Docket Entry No. 1).

[2]*Id.*

alter or amend five days after the entry of the Order, well within the 28 day deadline specified in the Rule. FED. R. CIV. P. 59(e). A district court has considerable discretion to grant or to deny a motion under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Id.* at 355.

To prevail on a Rule 59(e) motion, the movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

## ANALYSIS

RDI has submitted no new evidence to this Court that was not previously available, and has not established any intervening change in controlling law. Although Plaintiff relies heavily on a recent decision of the Western District of Oklahoma in *K-Mar Industries, Inc. v. United States Department of Defense and United States Department of the Army*, Case No. CIV-100984-F (W.D. Okla. Nov. 4, 2010), that case is not controlling on this Court.

Furthermore, RDI fails to establish any need to correct a manifest error of law by this Court. RDI argues that the Court committed manifest error by failing to correctly apply

sovereign immunity principles, and by implying an interpretation of "procurement" that is not manifestly expressed in the Tucker Act.  "Reconsideration of a judgment is an extraordinary remedy that should be used sparingly."  *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Ins. Co.,* 101 F.Supp.2d 463, 465 (E.D. La. 2000)).  A motion to alter or amend is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Id.* (citing *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990)).

RDI argues that the *K-Mar* court correctly interprets the language of the Tucker Act and related case law.  RDI further argues that this Court failed to interpret the statutory text as narrowly as required by sovereign immunity principles, and took the existing case law on the matter out of context.  These are purely legal arguments that could have been raised in Plaintiff's earlier filings with this Court.  They therefore provide no basis for revoking or altering the Court's order of dismissal.

Furthermore, Plaintiff's own motion acknowledges that "the parties' positions are both noted to be reasoned, two reasonable courts have reached opposite interpretations, *and there is no controlling authority.*"[3]  Thus, Plaintiff admits that it simply has a difference of opinion with both Defendants and with the Court regarding the interpretation of "procurement" in the Tucker Act and its subsequent effect on the issue of the waiver of sovereign immunity.  Plaintiff's differing interpretation of the law does not does not amount to "manifest error" that would justify this Court reconsidering its order of dismissal.

---

[3]Pl.'s Mot. to Alter or Amend Judg. 2, Nov. 8, 2010 (Docket Entry No. 15) (emphasis added).

**CONCLUSION**

RDI's motion merely rehashes prior arguments and arguments that could have been made in its earlier filings, and accordingly fails to establish a clear or manifest error of law to support reconsideration of the Court's November 3, 2010 Order dismissing its claims relating to Defendants' insourcing decision.  Plaintiff's Motion to Alter or Amend the Judgment (Docket Entry No. 15) is DENIED.  Plaintiff's FOIA claims remain pending.

It is so ORDERED.

SIGNED this 19th day of January, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

5